LENT *against* BUTLER.

In slander, the defendant gave notice with his plea, that he would prove the words true; which plea he afterwards moved to withdraw, on an affidavit that the notice was given in good faith; motion refused, unless he would swear to the falsity of the notice.

SLANDER, for charging the plaintiff with stealing goods. Plea, the general issue, with notice that the defendant, on the trial, would prove the truth of the words spoken, in his justification. And now,

· C. H. *Ruggles*, moved to withdraw this notice, and to substitute another, which he produced, and which set up the statute of limitations, with certain matters which went to mitigate the damages. He read the defendant's affidavit, stating that the first notice was interposed in good faith, and, under the advice of counsel; that when it was delivered, he verily believed he should be able to prove the material facts stated in it; that *W. N. Palmer*, formerly of *Poughkeepsie*, was the witness upon whom he placed the principal reliance for this purpose; but that he had left the state, with his family, without the defendant's knowledge; and, as he was informed by the witness' friends, had gone to reside in some part of *South America*, and would not return to this country.

He supposed the gentleman opposed to him, (Mr. *J. Tallmadge*) would take the same ground here as he did in *Clinton* v. *Mitchell*, (3 *John. Rep.* 144) and insist that the notice should not be withdrawn till its falsity was acknowledged by the defendant. The case, however, was distinguishable. It did not, in that case, as in this, appear that the notice was given in *good faith*; which is the reason assigned by the Court, for refusing the rule.

*J. Tallmadge*, contra, did rely upon that case, and should contend for its doctrine, without the qualification alluded to. The defendant has followed up his slander by a gross libel upon the record, and which the plaintiff is entitled to have falsified in the same way. This must be either by the defendant's affidavit of its falsity, or the verdict of a jury, giving those aggravated damages which such a notice called for.

*The Court* were clear with the counsel for the plaintiff, that, for these reasons, the motion must be denied; and WOODWORTH, J. said, that this application was even a still farther aggravation of the slander; for the defendant says, in his affidavit, " the charge which I advanced against the plaintiff is true ; but by reason of *Palmer's* absence, alone, I am, unfortunately, not able to prove it."