### IN THE

# SUPREME COURT

#### OF THE

## STATE OF MINNESOTA,

##### AT DECEMBER TERM, 1858.

---

CLEMENT H. BEAULIEU, Appellant, *against* WM. J. PARSONS,
Respondent.

##### APPEAL FROM THE DISTRICT COURT OF HENNEPIN COUNTY.

An attachment will not issue against an absent witness, unless his fees have been paid or tendered for the day when his testimony is required. The fact that he has been before examined in the same cause by one party, will not authorize an attachment in favor of the opposite party, unless he be first subpoenaed and his fees tendered or paid. And a statement or assurance made by counsel in the cause, that the witness would be in Court when wanted, will not excuse the neglect to subpoena, and is no ground of surprise to opposing counsel.

Before the trial of a cause, and to guard againt surprise and save time, the Court notified the counsel for the respective parties, that in the conduct of the trial, each party would be held to the strict rules governing the regular trial of causes, by which neither party would be permitted to re-open his case, nor to re-call a witness upon the same subject-matter when once examined. The Plaintiff then examined three witnesses, and rested his case, reserving the right (with the consent of the Court,) of examining one Fuller, who had been subpoenaed, but was not in Court, if he should arrive before the case closed. The Defendant then examined several witnesses and rested his case. The witness Fuller was then examined, as proposed on behalf of Plaintiff, and the Defendant then offered several witnesses upon the same questions, as rebutting evidence, and the evidence was refused. *Held,* That such refusal was not error, as the question in issue (that of damages,) was presented by the pleadings, and the Defendant should have offered all his evidence upon that point before closing his case; and that the admission of the evidence of the witness Fuller was not error, and was no ground for relaxing the rule in favor of the Defendant.

That if the Court did err in such rulings, it was not such error as this Court will review, as it was committed in the exercise of a sound discretion, and this is the case whether the evidence be rebutting or cumulative. Its admission after a party has closed his case, is a matter resting in the discretion of the Court.

The question of damages is exclusively within the province of the jury, with which this Court cannot interfere—where there is any evidence to support the verdict, unless it be manifest that the jury were swayed by prejudice, passion or corruption.

6

The issues arising in this Court, were presented by the Bill of Exceptions, containing the proceedings had at the trial, and the evidence of the several witnesses examined. Sufficient reference to the Bill of Exceptions is made in the opinion filed, to explain the points decided.

The following were the points and authorities of the Appellant's Counsel:

The Court below erred in refusing the motion for a new trial in this cause.

*First.* Because the verdict was contrary to the law, and the evidence offered to the jury.

*Second.* Because the Court below erred in refusing the evidence of the witnesses Ambs, Larpenteur, Kittson, Forbes, and others, offered after the rebutting evidence of the witness Fuller, offered on the part of the Plaintiff.

*Third.* Because the said evidence so offered was legal and competent, to disprove the rebutting evidence offered on behalf of the Plaintiff.

*Fourth.* Because the said evidence so offered was not cumulative. *See* 3 *Gra. & Wat. on New Trials, page* 1063, 1064, *and cases cited.*

*Fifth.* Because the said Defendant was surprised by the evidence of the witness Fuller.

*Sixth.* Because the refusal of the Court to hear the evidence on behalf of the Defendant, was a serious injury to him, which would not have occurred, had said evidence been admitted.

The following were the points and authorities of Respondent's Counsel:

The decision of the Court below in refusing a new trial, is correct.

There was no error in the rulings of the Court on the trial, either in the reception or rejection of evidence.

The verdict was not contrary to law and the evidence, and the affidavits disclose no sufficient ground upon which to grant a new trial.

*First.* The decision of the Court sustaining the Plaintiff's

objections to the cross examination of witness arises upon subject matters not inquired into on the direct examination. *Fols* 196–7, was correct. The rule is correctly laid down in 14 *Peters*, 448–9, as follows:

"A party has no right to cross examine any witness except as to *facts* and circumstances connected with the matters stated in his direct examination: if he wishes to examine on other matters he must do so by making the witness his own, and calling him such in the subsequent progress of the cause."

Beside, the ruling of the Court as to the order of proof, is a matter of discretion and never subject to review.

*Second.* The decision of the Court excluding the testimony of Theodore Borup as to what Mr. Marshall's reply was to his inquiry whether they, (Marshall & Co.,) had any funds on deposit to pay Parson's draft in favor of Beaulieu, was correct, for the reasons stated in Plaintiff's objections. *Fol.* 241.

If it was error however, it was cured subsequently, as Theodore Borup was recalled and testified in full to that fact. *Fol.* 269.

*Third.* The offer of Defendant to prove the value of furs by witnesses Ambs, Larpenteur, Forbes and others, was properly overruled, because such testimony was strictly cumulative in its character, and the case had been closed by both parties.

The Court, at the commencement of the trial, notified both parties that the strict rules applicable to the regular conduct of a trial, as well as the examination of witnesses, would be enforced. In observance of this, the Plaintiff first exhausted his proof, except as to the question of damages, upon which with the *consent of Defendant*, he reserved the right to examine Albert Fuller and Mr. Farrington, witnesses who had been subpœned, but had not then arrived, provided they should arrive before the conclusion of the trial. The Defendant then introduced *all* his evidence in support of his defence, and rested without *any* reservation. The Plaintiff then introduced his evidence in reply, and also the evidence of A. G. Fuller, upon the *question of damages* in *pursuance* of the *agreement*, and *not* as rebutting proof, as claimed by Defendant in his points.

The decision of a Court in rejecting "cumulative evidence,

rests in its discretion entirely, and is not a matter that can be reviewed. 1 *Hill*, 300, 4. *do* 202, 5 *do* 286, 14 *Peters U. S. R.*, 448. 3*d. Ed. Cow. & Hill's Notes to Phil's Ev. p's* 479, 710, 711, *et. seq.*

*Fourth.* The finding of a jury from conflicting evidence, is conclusive. The evidence in this case would have supported a much larger verdict.

*Fifth.* There is no newly discovered evidence disclosed in the affidavit.

By this is meant some new and material fact which has come to light since the verdict. 3*d. Gra. New Trials*, 1016. " If it come to the party's knowledge during the trial and cannot be procured, an adjournment should be asked for. "

The evidence should not be cumulative, nor have for its object the impeachment of a witness. 3*d. Gra. New Trials*, 1021, 1023, 1028, 1060, 1043.

The strong presumption always is that the evidence might have been procured, and if not it is owing to the intentional omission or unpardonable neglect of the party, who must fully rebut the presumption by showing himself free from all fault or neglect, to obtain a new trial. The facts in this case show a total want of diligence on the part of Defendant. 3*d. Gra. N. Tr.*, 1026, 1028; 4 *How. Miss. R.* 13; 15, *Johnson's N. Y.*, 293, *and Cases there cited.*

*Sixth.* A new trial will never be granted when the newly discovered evidence goes only in mitigation of damages as in this case. It must go to the issue alone. 3*d. Gra. N. Tr.*, 1103.

*Seventh.* A new trial will not be granted on the ground of surprise, when it is attributable in the least to the oversight or forgetfulness or neglect of the party, or when he could have guarded against it. The slightest negligence will defeat the application. 3*d. Gra. N. Tr.* 875, 877, 894, 933; 1*st. ib.* 174, 195, 197, 211, *& 213;* 11 *How. N. Y. R.*, 285.

VAN ETTEN & OFFICER, Counsel for Appellant.

F. R. E. CORNELL, Counsel for Respondent.

*By the Court.*—ATWATER, J. This is an appeal from an

order of the Judge of the Second Judicial District, refusing a new trial, in a cause tried in that District, at the December term, 1857. The first ground of error alleged, is the refusal of the Court to receive on the part of the Defendant, the testimony of one Ambs, whom the Defendant proposed to examine on the trial of the cause.

This witness was examined on the part of the Plaintiff, Parsons, who asked him the price of muskrat skins, (being a part of the furs in dispute,) but inquired no further of this witness in regard to the value of the furs. The Defendant on cross-examination, proposed to inquire of him the value of other furs mentioned in the pleadings. This testimony, upon objection from the Plaintiff, was excluded by the Court, on the ground that it was not a proper cross-examination of the witness, and that if the Defendant wished the testimony of Ambs to those points, he must call upon him at a subsequent stage of the cause. The counsel for the Defendant then stated that he wished and proposed to examine the said witness in regard to the value of all the furs in litigation, during said trial, and at as early a stage of the proceedings as practicable ; the Plaintiff's counsel at the same time stating that the said witness had been subpœnaed by the Plaintiff, and that they had no objection to his remaining in attendance upon the Court during the trial of the cause, and be present and in readiness to testify in the cause when the Defendant's counsel might call him. At a subsequent stage of the trial, the Defendant's counsel did call the witness, who was not present, and as it appeared, had left the Court soon after he was examined by Plaintiff, and did not return. The counsel for the Defendant then moved for an attachment against the witness, but it appearing that the fees of witness had only been paid for one day, the motion was denied, and the Defendant was deprived of his testimony. Affidavits were introduced on the part of the Defendant on the motion for a new trial, tending to show that the witness had left with the procurement, or at the instigation of the counsel for the Plaintiff, but the opposing affidavits satisfactorily answer and rebut this charge.

There is no error in the refusal of the Court to allow the Defendant to examine the witness in the first instance on matters

in regard to which he had not been questioned by Plaintiff's counsel. 14 *Peters*, 448; *Greenleaf on Ev.* p. 522, *Vol.* 1. Nor was the counsel for the Defendant in a position to insist on his right to an attachment against the absent witness. His fees had not been paid or tendered for the day when his testimony was required. In such case the Court would have had no right to issue a writ of attachment. (*Rev. Stat.* p. 473, *Sec.* 3.) The witness should have been duly subpœnaed by the Defendant if he wished to avail himself of his testimony ; especially as it appears that he was early aware that he should require him as a witness, and had ample opportunity to secure his attendance by due course of law. If the Defendant chose to rely simply on the statements of Plaintiff's counsel, that they had no *objection* to the witness remaining and giving testimony, he must suffer the consequences of his own neglect to compel his attendance. The Court would not be justified in delaying the trial to procure the testimony of a witness in such circumstances, much less to attempt to procure his attendance by writ of attachment.

The Defendant below, alleges as further ground of error, the refusal of the Court to allow him to introduce several witnesses after he had rested his case to the question of damages. The facts in regard to the offer to introduce such testimony, appear from the case to be as follows :

When the cause came on for trial, (before the Hon. C. E. Flandrau,) and before the introduction of any evidence, to guard against any surprise and to save time, the Court notified the counsel for the respective parties, that in the conduct of the trial, each party would be held to the strict rules governing the regular trial of causes, by which neither party would be permitted to re-open his case, nor to re-call a witness upon the same subject-matter, when once examined and dismissed from the stand.

The Plaintiff then examined three witnesses, and rested his case, with the exception of reserving the right, (with the consent of the Court,) of examining one Fuller, to the question of damages only, who had been subpœnaed but was not then in Court, should he arrive before the trial was closed. The Defendant then examined several witnesses and rested his case.

The witness Fuller having arrived, was then examined by the Plaintiff as proposed, on the question of damages only. The Defendant then offered to introduce several witnesses then in Court, to the same question as rebutting evidence. This was objected to by the Plaintiff and the objection sustained by the Court.

We see no error in this ruling of the Court. The Defendant could not claim that he was taken by surprise, as the parties had been early notified that the strict rules of law on the admission of evidence would be observed in the trial of the cause. He was notified of the precise point to which the testimony of Fuller would be directed, and should have prepared himself to meet the most favorable testimony that might be presented on that point. It was urged on the argument, that inasmuch as the witness Fuller had been examined on the part of the Plaintiff after the defence had rested, therefore the rule should be relaxed on the part of the Defendant. But the privilege granted the Plaintiff in that instance, was not altogether of favor, inasmuch as it appears that the witness had been subpœnaed, and the Plaintiff was entitled to move for an attachment against him in the first instance. But in both cases, the introduction of the evidence was entirely in the discretion of the Court, and even if he erred in the exercise of that discretion, it is not a subject of review by this Court. And whether the evidence proposed to be offered was rebutting or cumulative, would make no difference, it being a matter within the discretion of the Court, whether any further evidence shall be introduced after a party has rested his case. *Graham on New Trials*, Vol. 2, p. 675; 14 N. H. Rep. 442; 1 Hill, p. 300; 4 id. p. 202; 5 id. 286; Cow. & Hill's notes; Phillip's Ev. p. 708, et seq.

It is also objected by the Appellant's counsel, that the damages were excessive, and not warranted by the evidence. The damages, it is true were heavy, and perhaps in the opinion of the Court might be considered excessive. But this is a matter exclusively within the province of the jury, with which the Court cannot interfere. The rule is too well settled to be disturbed, that a new trial will not be granted on the ground of excessive damages, where there is any evidence to support

the verdict, unless it be manifest that the jury were swayed by prejudice, partiality, passion or corruption. *Minnesota Rep. Vol. 1, p.* 161; *Gilbert vs. Woodbury, 9 Shep.* 246; *Buornette vs. Hicks, 6 Tex.* 352; *Cook vs. Hill, 3 Sand. Sup. Court Rep.* 341.

The jury in this case did not find as large damages as some of the evidence tended to show, and there is nothing in the case to prove that they were influenced by any corrupt motive. The jury are to weigh evidence and not count it, and even a large preponderance of witnesses to a particular fact, would not of itself justify a Court in setting aside a verdict which had been rendered in favor of a party maintaining the opposite.

The order of the Court below must be affirmed.