JAMES Y. CALDWELL, Sheriff, &c., Plaintiff in Error, *vs.* JOHN BRUGGERMAN, Assignee, &c., Defendant in Error.

### ERROR TO THE DISTRICT COURT OF RAMSEY COUNTY.

This action was first tried in the District Court, a verdict rendered for Plaintiff, the cause taken to the Supreme Court by writ of error, and the judgment below reversed and a new trial ordered. The mandate of the Supreme Court was issued, remanding the cause to the District Court for further proceedings therein, in accordance with the order of the Supreme Court. When the cause was called for trial, the Defendant objected that no judgment had been entered in the Supreme Court on the order there made, and that the mandate was improperly issued, and the cause was still in this Court. *Held*, That the objection was properly overruled, and that the Defendant must plead the fact in abatement, in order to take advantage of it.

Where a party asked to amend his answer on the trial, which contained two defences, *Held*, That there was no error in requiring him to choose upon which defence he would rely, and that the cause should be considered at issue without service of a written reply.

Where there is some evidence to sustain a verdict, this Court will not set it aside on the ground that the evidence is not sufficient to sustain it.

After a cause had been decided by this Court, and its decision filed, but before the clerk had perfected the judgment of record, he issued a remittitur, signed by the clerk, and under the seal of this Court to the District Court. The remittitur (or mandate,) purported to recite, and did substantially recite the judgment of this Court in the case, as stated in the decision on file. *Held*, that there was a substantial compliance with Rule 22 of this Court, and that the District Court acquired jurisdiction to try the cause.

After final judgment in this Court, on due notice to the counsel of Defendant, and a remittitur of the cause to the District Court, this Court will not entertain a motion for a re-argument of the cause.

## Points and Authorities of Plaintiff in Error.

I. At the time the pretended trial in this case was had, this action was pending in this court. Hence all the proceedings, trial, verdict and judgment, were erroneous and void. *Comp. Stat.*, p. 627, sec. 131 ; p. 623, sec. 22 ; *Rule* 22, *et seq.*, *Vol.* 1 *Sup. Ct. Rules*, p. 453 ; 2 *Tidd's Practice*, 1135 ; 1 *Burrill Pr.*, 224-248 ; *Ibid*, 254-260

The minutes of this Court show that there was an order or

direction of this Court reversing the judgment of the lower Court, and awarding a new trial, but the records of this Court disclose no judgment.

The Rule 22 of this Court, above cited, provides especially for a *remittitur* in such cases. This is simply in conformity with the general practice. But no *remittitur* can be made unless there is a record. *See Bouvier's Law Dictionary*, " *Remittitur of Records.*"

Nor by the terms of this rule can there be a *remittitur* until there is a judgment.

II. In this case no *remittitur* was, in point of fact, ever issued or made by this Court. *See Rule 22d, above cited ;* 2 *Burrill's Pr.*, 150.

III. The paper signed by the Clerk of this Court, and filed in the lower court, was wholly unauthorised and without any effect.

It is in no sense a *remittitur*. It is, moreover, false in its pretended recital of the action and proceedings of this Court.

It is, therefore, absolutely void and nugatory.

IV. The Court erred in granting leave to the Plaintiff in Error to file his amended answer upon the condition specified ; because,

1st.—The Court had no authority to prescribe conditions in such cases, except they be in the nature of terms. As, for example, to answer and go to trial without delay, to pay costs &c., &c.

He had no right to require the party to elect between two defences, as a condition of amending, as this was, in fact, dictating the character of the pleading to the pleader, and that too of his own motion, instead of prescribing terms upon which the amended pleading should be received. The opposite party might never choose to put his adversary to an election, and if he did, it was then time for the Court to require an immediate election.

2d. There was, in fact, no inconsistency between the two defences, and no cause whatever for putting the pleader to an election.

3d. All the prior pleadings having been verified, and the amended answer being also verified, the Court had no power

to dispense with a reply, and the verification thereto.

The Plaintiff in Error having sworn to his amended answer he had a right to the benefit of its allegations, and that they should be taken as admitted, until they were denied by his adversary under oath. This is a statutory right which could not be taken away from him by the court.

V. The Defendant in Error having neither alleged nor proved any demand or refusal when he rested his case, the Plaintiff in Error had a right to the dismissal of the action, and the Court erred in refusing such [ dismissal, and also in allowing the Defendant in Error to amend his complaint by inserting allegations of such demand and refusal.

There was no tort without a demand and refusal, and the Plaintiff had failed to allege or offer to prove such demand or refusal. The Plaintiff rested, therefore, without either alleging or proving the gist of his action. The Plaintiff was not entitled, under these circumstances, to amend his complaint and introduce new evidence to establish the very gist of his action.

VI. The Court erred in not dismissing the action after amendment of complaint, on the ground that no demand and refusal had been proved. There was no evidence at all of any claim for the goods made by the Defendant in Error on the Plaintiff in Error. The mere remark made by a third party to the Plaintiff in Error, that the goods belonged to the Defendant in Error, could, by no latitude of construction, be regarded as such a claim.

VII. The verdict was against the evidence, because—

1st. There was no evidence of any demand and refusal, no evidence that the Defendant in Error ever claimed the goods from the Plaintiff in Error.

2d. The evidence shows that there was never any actual and continuous change of possession of the goods, nor any actual delivery.

3d. The goods were found in the actual possession of the Defendant in Error, who had always had possession of them, and they were thus found in the shop of such Defendant in Error, where he had for some time been carrying on his business and dealing in such goods, and over which shop his sign was then

placed as theretofore. No other person was in actual posses-. sion there, before or after, of such shop, goods or business. The Sheriff took such goods under such circumstances, by virtue of a warrant of attachment against said Defendant in Error as his property.

Points and Authorities of Defendant in Error. ·

In this case Caldwell assigns errors of fact and of law together on the same writ. At common law this could not be done. *Bacon's Ab.*, 2d *Vol.*, *marg. p.* 487, and the Code does not warrant it. We think error in fact must be taken by answer. *Comp. Stat.*, *p.* 541, *sec.* 73; or if it existed at time of answer, but was not known, then by amendment; or if it arose after answer, then by supplemental answer in the nature of a plea in abatement. *Comp. Stat.*, *p.* 544, *sec.* 97; *Van Santvord's Pl.*, *p.* 605; *Bacon's Abr.* 2d *Vol.*, *marg. page* 592. " A man should never assign that for error which he might have pleaded in abatement, for it shall be accounted his folly to neglect the time of taking that exception," *Cro. Jac, 3d vol.*; *Salkeld vs. Lord Wm. Howard*, *p.* 527 ; or if discovered after trial, and due diligence is shown, then by motion in the Court below to vacate verdict, &c., and for a new trial, made upon affidavit of the fact producing error. There is no provision made by the Code for the making up of a *nisi prius* record in the Court of Review, to be there set down for trial. *Tidd's Pr. vol.* 2, *p.* 1122, and the issue cannot be tried in the Court of appellate jurisdiction only, and determined for the first time. This Court cannot look beyond the record for error. *Smith vs. Barber*, 8 *Ohio*, *p.* 118, *part* 2d; and the objection that no judgment was rendered in this Court on former writ of error in this case, not only does not appear in the record on which alone this cause must be decided, but it is against the record. *Bacon's Ab.*, 2d *vol.*, *marg. p.*, 489. " Nothing can be assigned for error, that contradicts the record." The exception to the ruling below avails nothing, for it was upon a disputed fact, which the Plaintiff in Error not only did not prove, but moved upon the papers, which showed on their face the contrary. 1 *Cowan*,

622. We, in common (as we understand,) with the whole bar throughout the State, do not think, on the merits, there was any error *de facto.*

The decision of this Court on file is a judgment, so far as the rights of the parties here are concerned ; it is the final judgment of this Court, and the formal entry on record is mere form, and could now be done, and would now be ordered by this Court to be done by the Clerk, *nunc pro tunc,* on proper application. 5 *Minn.* 23, *Comp. Stat., p.* 544, *sec.* 166. The bar have, we believe, uniformly been acting upon this theory, and taken the mandate upon the decision alone, and the ordering part of the decision, copied into the mandate, has been considered a sufficient remittitur.

At common law the original judgment roll was sent, certified by the court of review, and of course, a remittitur there must be a sending down of the record to enable the Court below to proceed ; but under our code, where a transcript only is certified up, to remit such transcript would not only be useless but absurd, and not intended by the rule in which the term " remittitur " cannot mean the same as at common law. Moreover at common law, when judgments of Ireland were to be reviewed, the original was not sent up, but only a transcript, as with us. *Croke's Rep. vol.* 3; *The Bishop of Derry's Case,* 534, and in such cases, a special mandate only was sent to the courts of Ireland to proceed upon the original record. *Bacon's Abr.,* 2d *vol, marg., p.* 467. The English courts did not construe the term " remittitur " in case of transcripts to mean a sending down of the transcribed record. Shall we then do so ? There are no merits in this objection, therefore, in any view. *Comp. Stat., p.* 544-94.

II.—All matters in regard to the amendment of pleadings are entirely within the discretion of the Court, which discretion was not abused in this case. The party had no right at all to amend at trial, in a material point. *Comp. Stat., p.* 544, *secs.* 93-4; 5 *Minn.,* 505. The Court will notice that in the amended answer the Plaintiff in Error did not raise any issue in abatemen by reason of no judgment here, &c., though the record shows he knew all the facts.

III.—The opening of the case for Plaintiff to introduce fur-

ther testimony was also matter entirely within the discretion of the Court below.   2 *Hill.*, 298, 258; 1 *Minn.*, 104; 1 *Abb. Pr. R.*, 145; 5 *Minn.*, 201.

IV.—The weight of evidence is with the verdict made.

LORENZO ALLIS, Counsel for Plaintiff in Error.

BRISBIN & WARNER and WM. P. MURRAY, Counsel for Defendant in Error.

*By the Court*—ATWATER, J.—This was an action of replevin brought by Bruggerman against Caldwell, to recover possession of certain goods and chattels, of which Plaintiff alleged himself to be owner and entitled to the immediate possession, by virtue of a bill of sale from one Rothmund to the Plaintiff.   The Defendant answered, setting up, first, a denial of all the allegations in the complaint; second, a justification as sheriff, under a writ of attachment against Rothmund, issued at the instance of one of his creditors, and alleging that the bill of sale under which Plaintiff claimed was a pretended general assignment by Rothmund, for the benefit of his creditors, and was made with the intent to hinder, delay and defraud creditors in the collection of their debts against Rothmund, and that there never was a delivery of the goods under the assignment, &c.

This action had been once previously tried in the District Court for Ramsey County, a verdict rendered for Plaintiff, a motion for a new trial on the part of Defendant in that Court overruled, and the cause carried to the Supreme Court on writ of error.   At the July Term, 1860, that Court reversed the judgment and ordered a new trial.   The mandate of the Supreme Court, remanding the case to the District Court for further proceedings, under and by virtue of the order of reversal, and awarding a new trial, forms a part of the case.

When the cause came on for trial in the District Court, the Defendant's counsel objected to the trial of the cause on the ground that the same had been removed to the Supreme Court and was still pending therein, and had never been duly remanded thence to this Court, which objection the Court

overruled, and Defendant's counsel excepted. This is now alleged as one of the errors committed by the Court below.

The Plaintiff in Error urges that the case had been brought to hearing in the Supreme Court, and an order of reversal and awarding a new trial had been made, but no judgment had been or has yet been entered thereupon ; and that until such judgment of this Court has been entered in the premises, the cause is still pending here. The question here to be determined is, whether the Court below erred in ruling upon the objection presented to that Court, and in view of the facts before that Court. The Plaintiff in Error simply made his objection in the Court below, that the cause had never been duly remanded from this Court to the Court below. It does not appear that any evidence was presented to the Court in support of the proposition, by the party making it. That Court was not bound to take notice that no judgment had been rendered in this Court upon the order made in the case. The judge acted upon the evidence before him, to wit, the mandate of this Court, remanding the cause for further proceedings in the District Court. The mandate on the face appearing to have been regularly issued, the Court was bound to obey it, and proceed with the trial of the cause.

The Plaintiff in Error here assigns error in fact committed by the Court below, and offers to prove the same for the first time in this Court, by the production of the records of this Court. But there is no provision in the Code authorizing such a proceeding, or providing for the making up of a record to try any question of fact by this Court. This Court cannot look beyond the record for error. ' It can make no difference in the principle that the proof of the fact alleged by the Plaintiff in Error to exist, may be found in the records of this Court. The question is not as to the nature of the proof, or the degree of verity attached to it, but whether any proof on the subject, outside the record, can be introduced before this Court. We think it cannot, and that the Plaintiff in Error should have offered a certified copy of the record of this Court in this cause, showing, if such was the fact, that no judgment had been rendered by this Court. The Court would then have ruled on the plea or evidence, and such ruling could

have been brought before this Court for review.  Inasmuch as the record discloses no error in the ruling on this point, we hold the objection not well taken.

The amended answer above stated was not offered until the Court had ruled upon the objection above discussed.  Upon offering to file the amended answer, the Court imposed the condition that the Defendant should elect upon which defence he would rely, and that the same should be considered at issue, without requiring the service of a written reply by the Plaintiff.  The Defendant excepted to this ruling, and now alleges the same as ground of error.

The matter of amendments to pleadings, by *secs.* 89, 90 *of Comp. Stat.*, 544, is placed entirely within the discretion of the Court, except in the two cases specified in section 89, (of which this is not one), and the only question here to be considered is, whether there was any abuse of discretion.

There was no error in requiring the Defendant to elect upon which plea he would rely.  The pleas were clearly inconsistent, as was held in *Derby & Day vs. Gallup*, 5 *Minn.*, 119, which was a plea substantially the same as the one at bar.  In this case, I think the Court might have properly required the Defendant to elect, aside from its being made a condition of filing an amended answer.  The Court also had power to impose the condition that a written reply should be waived, since the Court had power to refuse the answer altogether, at that stage of the proceedings, and the Defendant was of course in no worse position by accepting the conditions, than he would have been had the Court rejected the answer.

In *Lent vs. Butler*, 3 *Cow.*, 370, which was an action of slander, the Defendant gave notice with his plea, that he would prove the words true ; which plea he afterward moved to withdraw, on an affidavit that the notice was given in good faith ; the motion was refused unless he would swear to the falsity of the notice.  And Courts have uniformly sanctioned the practice of allowing amendments after issue joined, upon such terms as the circumstances of each particular case might require, as payment of costs up to the time of amendment, accepting short notice of trial, rejecting certain defences or

causes of action, or requiring a party to admit the truth of his adversary's plea, or a part of the same. And we are not aware of any cases in which a court of review has disturbed a judgment on account of the terms imposed, or of the exercise of the discretion vested in the Court in this regard.

Upon the trial of the cause, after the Plaintiff had introduced evidence and rested his case, the Defendant moved to dismiss the action, on the ground that the Plaintiff neither alleged in his complaint, nor proved, any demand by Plaintiff of the Defendant for the goods, nor any refusal to deliver by Defendant after such demand. Pending this motion the Plaintiff asked leave to amend his complaint by inserting these allegations, which was granted by the Court, exception being taken by Defendant. The Court also granted leave to Plaintiff to introduce further testimony under the amendment. The Plaintiff in Error claims that the Court erred in permitting the amendment.

This objection is in substance the same as that above considered. It is within the discretion of the Court to permit an amendment at any time during the progress of the trial, or to receive further testimony after a party has rested his case. (*Beaulieu vs. Parsons*, 2 *Minn.*, 37; *Fowler et al. vs. Atkinson*, 5 *Minn.*, 505; 1 *Denio*, 139; 1 *Abb. Pr. R.*, 145; *White vs. Stevenson*, 4 *Denio*, 193.) We do not think there was any abuse of discretion in allowing this amendment. If it was necessary for the Plaintiff to prove a demand and refusal in order to entitle him to recover, there is no reason why he should not be allowed to prove the fact in this action, rather than subject the parties to the expense of another suit, unless the Defendant was thereby prevented from controverting the fact, on account of the amendment being allowed on the trial of the cause. But no such objection was made on the trial of the cause below, or indeed any objection showing that the rights of the Defendant were prejudiced.

It is further objected that the verdict is against evidence. There is nothing in this case which would authorize this Court to set aside the verdict upon this ground. The testimony in regard to a demand and refusal was not direct and positive, but we cannot say there was no evidence from which the jury

might find such fact. The witness Murray, testified that immediately after the levy he saw the Defendant and told him that the goods belonged to Plaintiff, and he had better give the goods up; that if he did not, witness would replevy them. Defendant said he was indemnified. Another witness also testified that after the seizure, he informed the Defendant that the goods belonged to Plaintiff, and that Defendant replied he did not care. We think these facts were sufficient to authorize the jury to find a demand and refusal.

The same may be said in regard to the evidence touching the delivery and change of possession of the goods, and in regard to the selection of the brother-in-law of Rothmund, as assignee of the goods, who resided at a considerable distance from St. Paul, and also employing the assignor to continue the business. These were all strong circumstances tending to show fraud in the transaction, though none of them conclusive evidences of fraud, and the question was one of fact for the jury to determine. Although the Court might be of the opinion that the jury arrived at a wrong conclusion, we cannot for that reason disturb the verdict, as long as there is some evidence to sustain it. It would be productive of great evil to change the well settled rule of law on this subject, which would not be counterbalanced by the benefit received in individual cases. If juries will refuse to find fraud where the facts would seem to warrant such conclusion, the evil must be remedied by creating a healthier state of public sentiment, or an application to the legislature for the enactment of such laws as will tend to restrict the commission of fraud, or render its detection less difficult.

The judgment below is affirmed.

MOTION FOR RE-ARGUMENT.

*By the Court.*—ATWATER, J.—This cause was argued at the last term of this Court, and an opinion filed in May, 1863, affirming the judgment. This motion is based upon the ground that this Court has fallen into an error of fact, in as-

suming as a fact appearing of record, that the cause had been duly remitted to the lower Court, after the former hearing in this Court, at the July Term, 1860, by remittitur appearing regular on its face, whereas it is claimed that there never was any such remittitur, and that none such appears.

The motion presents two questions for consideration, viz. : Did the Court below err in proceeding with the trial of the cause, in view of the facts before it, at the time the Plaintiff in Error there interposed the objection that the cause was still in this Court : and, second, had that Court in fact jurisdiction to try the cause, at the time when the trial took place.

It appears that when the cause was called for trial in the Court below, the counsel for the Defendant objected to the trial of the cause on the ground that the same had been removed to the Supreme Court, and was still pending therein, having never been duly remanded from thence to the District Court.

Among the papers comprising the judgment roll on file in this Court, we find a mandate directed to the Judge and officers of the District Court, Second Judicial District, witnessed by the Chief Justice, signed by the clerk, and under the seal of this Court, reciting the pendency of the action in the District Court, the order there made denying a new trial, the removal of the cause to the Supreme Court for review upon writ of error, that the same was heard at the July General Term, 1860 ; that after mature deliberation thereupon had, our Supreme Court did adjudge, determine, decree and order, " that the judgment of the Court below be reversed and a new trial ordered." And further, that " this mandate is to you directed and certified, to inform you of these proceedings had in said cause in our Supreme Court, and the same is hereby remanded to your Court for such further proceedings therein as may be by law necessary under and by virtue of said order of reversal, and awarding a new trial herein."

This was the evidence before the District Court, that the cause had been heard in this Court, adjudicated upon, and remanded to that Court ; and in view of this evidence, and the absence of all other, we still think, as remarked in the opinion now on file, that the Court committed no error in

proceeding with the trial of the cause.    It is claimed that this is not a remittitur regular upon its face, in that it does not comply with rule 22, of Supreme Court rules, which prescribes that a " remittitur shall contain a certified copy of the judgment of the court, signed by the clerk, and sealed with the seal thereof, and shall be transmitted to the clerk of the court below, as soon as may be after the final adjournment of this court."

This mandate purported to recite the judgment of this Court in the case, stating the same in terms, enclosed in quotation marks, and certified to by the clerk of this court, under the seal thereof.    In the absence of all evidence to the contrary, the Court below was justified in regarding this as a compliance with the rule, and holding the recital in the mandate as a copy of the judgment of this Court.    That Court could not take judicial notice of the form of entry of judgment in this Court, and was justified in considering that this Court might regard the mandate as a compliance with the rule.    The proper course for the counsel of the Defendant to have pursued in order to render his objection available, was to have presented to the Court below a certified copy of the record of this Court, showing that no such judgment existed as was recited in the mandate.    Or if that could not be obtained, at least an affidavit of the fact should have been offered, that the Court might have had some proof that the objection was well taken.    And as none was offered, the Court below committed no error in proceeding with the trial of the cause.

But it is urged that, although that Court committed no error in view of the evidence before it, in considering the cause properly there, and proceeding to try the same, yet that this Court has the evidence before it and will take notice that the cause was, in fact, in this Court, and had never been duly remitted to that Court, and consequently that all proceedings in the District Court therein, were without jurisdiction, and null and void.    Let us see, then, what was the condition of the cause in this Court at the time this mandate issued.

The cause was argued in this Court at the July Term, 1860, and immediately thereafter this Court proceeded to consider and determine the same; and at the time of the issuance of

this remittitur or mandate, the decision of this Court was on file with the Clerk of this Court, in and by which it was adjudged and determined, that "the judgment below is reversed and a new trial granted." This was, in fact, the judgment of this Court in and upon the matters presented in that cause. This Court had nothing further to do in the premises. There remained, it is true, the ministerial act of the clerk to perfect that judgment of record in proper form. That, the rule makes it his duty to do, and transmit the same immediately upon the adjournment of this Court. There was no further order or decision of this Court, as such, to be made in this case. It is true the record is commonly spoken of as the judgment, but I think, strictly speaking, it is rather the evidence of the judgment than the judgment of the Court itself, although it contains a statement of what the judgment is; and, therefore, when speaking of a judgment, we ordinarily mean and understand the judgment record. And we may even go farther and state, that such, we think, was the meaning of the rule above quoted, and that it was an irregularity in the clerk in remitting the cause before he had perfected the judgment of record. But we do not think it was such an irregularity as was fatal to the proceedings and judgment below. It was an error of form rather than of substance. .There was a substantial compliance with rule 22, and the District Court acquired jurisdiction of the cause. The Plaintiff in Error relies solely upon this technical objection, not claiming that any actual prejudice was suffered by the ruling of the Court below upon his objection; he has already had the benefit of two trials below, and no merits or equities are shown to exist in behalf of the application.

There is still another objection which we think conclusive against granting the motion. It appears from the affidavit of the counsel for Defendant in Error, on file in this cause, that final judgment was entered therein in this Court, June 2, 1863, pursuant to order made, May 13, 1863, and that thereafter the cause was sent to the District Court, and the mandate and copy of the judgment filed with the clerk thereof, and that said judgment was entered on due notice to counsel for Plaintiff in Error. And also that another action based

upon the finality of this has been commenced and is now at issue in the District Court.   It is not claimed that this last judgment and remittitur are not valid and regular, and it thus appears that the cause is not now in this Court, but in the District Court.   We are of opinion that after the judgment of this Court has been perfected and the cause been properly remitted to the District Court, a motion cannot be entertained in this Court for a re-argument.   The cause is no longer in this Court, but in the District Court, and it would seem that this Court has no more authority or jurisdiction to proceed in the matter.   And even without a remittitur it may be regarded as very questionable whether after judgment perfected in this Court on due notice, such motion can be entertained.   Certainly the practice is one not to be encouraged, and if ever allowed should only be upon clear merits, and where it very strongly, if not conclusively appears that an error has been committed, affecting more interests than those involved in the case in which this application is made.

The motion for a re-argument must be denied.