THE STATE *vs.* CHARLES H. COLLINS.

New Castle County, February Term, 1894.

**Embezzlement.**—The retention of a principal's money by an agent under a claim of right where the principal is indebted to the agent is not embezzlement.

**Same. Evidence.**—Mere failure to enter the receipt of money upon a book is not evidence of crime, but if it be coupled with a false entry may be considered an element of crime.

**Evidence.**—Oral testimony as to terms of a written instrument is not admissible in the absence of proof showing that the same is either lost, destroyed or beyond

reach, except in so far as the jury may gather the terms thereof from the acts and conduct of the parties in evidence in carrying said instrument into effect.

**Agent. Joint Ownership.**—The right to receive commissions does not constitute joint ownership on the part of an agent with the principal in the proceeds of the article sold.

The defendant was indicted for embezzlement of funds belonging to the Prudential Life Insurance Company. The first section of an act of Assembly passed March 28, 1879, under which the indictment was found, is as follows:

"That every cashier, servant, agent or clerk to any person, or to any body corporate, or being employed for the purpose, or in the capacity of a cashier, servant, agent or clerk, by any person or or body corporate, who shall embezzle, fraudulently abstract or misapply any money, goods, bill, note, bond, check, evidence of debt or other valuable security or effects which or any part whereof shall be delivered to or received or taken into possession by him, or to which he has access for or in name, or on account of his master or employer, although such money, goods, bill, note, bond, check, evidence of debt or other valuable security or effects was not received into the possession of such master or employer otherwise than by the actual possession of his cashier, servant, agent, clerk or other person so employed, shall be deemed guilty of a misdemeanor.

The defendant was the agent of the Prudential Life Insurance Company and was charged with having received moneys belonging to it and for its account, which he had embezzled, fraudulently abstracted, or misapplied. It was the duty of the defendant to solicit or canvass from the members of the association the amounts periodically due from them on their insurance policies, and the compensation to which he was entitled was fifteen per cent. of the amount collected, the balance of which it was his duty to pay over on Thursday of each and every week.

During the trial an account book of the company was offered

evidence to establish the state of the account between the company and the defendant.

*Ward*, for the defendant objected that it was apparent that there had been an erasure to make the book conform to the claim of the State.

LORE, C. J.   The objection goes to the value and not to the admissibility. This was settled in *Vandegrift vs. Hollis*, 6 Houst. 90.

*Ward* (resuming).   That is undoubtedly the rule in civil cases but in a criminal case a book which comes from the custody of the prosecutor and altered, should not be admitted.

· *Nicholson*, Attorney General.   This is proved to be the account book of the defendant and we offer it as such.   The question of alteration is a matter to be discussed hereafter.

LORE, C. J.   If an alteration has been made by the company they must take the consequences,   before the books of a party can be admitted in evidence they are to be submitted to the inspection of the court, and if they do not appear to be a register of the daily business of the party, and to have been honestly and fairly kept, they are excluded.   If they appear manifestly erased and altered, in a material part, they will not be admitted until the alteration is explained ; *Churchman vs. Smith*, 6 Whart. 146.

There was also offered in evidence a ledger, each page of which summarized the transactions for a week.   *Ward*, for the defendant objected that it was a book kept by the company and not admissible in evidence against the defendant.

LORE, C. J.   No account can charge him with money as received by him unless the entries are made by the defendant.

The objection was sustained.

After the terms of the contract had been proved orally it appeared upon cross-examination of the witness that the contract was

Questions of Evidence.

in writing. Accordingly upon application of *Ward*, for the defendant, it was ordered that the evidence of the contract be excluded.

*Byrne*, for the defendant, moved that a verdict should be directed in favor of the defendant, and contended : first, that there was no evidence of the terms of the employment of the defendant by the Prudential Insurance Company, and, therefore, that was nothing to show a duty to account as to time or manner. In the absence of explicit proof of a specific duty there cannot be a duty to account in any particular way presumed. Considering that the money was retained the presumption is that it was retained innocently. Such evidence as there is shows joint ownership of any funds that came into the hands of the accused, and one joint owner is not liable criminally for a failure to account for the fund.

*Nicholson*, Attorney General, for the State, *contra*.

PER CURIAM. There are facts proved independently of the contract which we think sufficient to go to the jury.

*Ward* and *Byrne*, for the defendant, contended that the evidence showed joint interest and joint ownership and such being the case there could be no conviction ; *State vs. Kent*, 2 Minn. 41 ; *Commonwealth vs. Libbey*, 52 Mass. 6 ; *Rex vs. Jones*, 7 C. & P. 833.

It must be proved to the satisfaction of the jury that the retention of the money was felonious. It must be fraudulent and not consistent with honesty. If retained in a belief of right there can be no conviction ; Am. & Eng. Encyc. L. 455 ; *People vs. Galland*, 55 Mich. 628 ; *State vs. Lyon*, 45 N. J. L. 272.

LORE, C. J., charging the jury.

The State claims in this case that Collins was the agent of the Prudential Life Insurance Company, and as such agent that he

received moneys which he embezzled, fraudulently abstracted, or misapplied.

It is incumbent on the State to prove to you, beyond a reasonable doubt, that Collins was the agent of the Prudential Insurance Company, that he received money belonging to them, and that he embezzled, fraudulently abstracted, or misapplied that money. In this case the contract was in writing? The written contract not being here, some evidence was introduced—before that fact was known—as to its terms. All that evidence you must take out of this case and not consider; being a written contract and no proof of its loss or destruction, or of its being beyond the reach of the state, it could only be proved by the production of the paper itself. Therefore, all that relates to the terms of that specific instrument is out of the case, other than so far as you may gather it from the acts and conduct of the persons in carrying it into effect, which acts and conduct are in evidence before you in this case, and from which you are to gather the guilt or innocence of this defendant in his relations to this Prudential Life Insurance Company.

If you are satisfied, beyond a reasonable doubt that he did receive, in the name and for the Prudential Life Insurance Company, money which he misapplied or abstracted or embezzled, then you should find him guilty in manner and form as he stands indicted.

We are asked to say to you on the part of the defendant, that if the company owed him money, he had a right to retain the money of the company that came into his hands as an officer; that is law, and if he thought he had a just claim and retained the money under a claim of right, it is not embezzlement, although he may have been mistaken as to his right, since the fraudulent intent was not there.

We are asked further to say to you that a mere failure to enter the receipt of money upon a book is not evidence of crime, that is law, for a man may forget, honestly, to enter it, or he may fail to enter, with no criminal intent whatever. But if it be coupled with anything else—if there be a false entry, or if there be a false settlement or a false statement, that is to enter into your consideration as

an element of crime. That is the law as introduced both on the part of the State and on the part of the defendant. In the case of *Rex vs. Jones*, 32 C. L., introduced by the defendants counsel, "In a case of embezzlement, evidence should be given that the clerk has either denied the receipt of the money, or has rendered some false account." In the above case the Court held that the rendering of the false accounts was evidence of an intent. So that if there had been any false statement or the rendering of false accounts, they are to be considered by you as to the intent of the person, and would take it out of the case of a mere failure to enter from lack of memory or otherwise.

We have been asked to charge you also that if the defendant was entitled to receive commissions out of the moneys he collected that constituted him a joint owner, and that the failure to pay over the residue of the money would not be embezzlement under our statute. This is the point in the case that has given the Court the most trouble. We have earnestly sought to draw the line as nearly as we can to what we conceive to be the law. The rule seems to be that where an agent is employed and receives compensation for his work, whether in the shape of a stipulated sum per day or commissions upon the money collected, he still continues an agent; that in order to constitute him a joint owner there must be some right of property or possession of the money collected. Under the broad terms of this statute we do not think that the right to commissions constitutes joint ownership, unless the terms of the agreement were such that the party had the right to retain the particular and specific money in each case and out of that to deduct his commissions. Therefore, under the broad terms of our statute, we cannot charge you in this case that the mere right to receive 15 percent. commissions constituted the defendant a joint owner.

You have all the evidence before you, and you are to render your verdict from the evidence that you have had from this stand, excluding so much of it as related to the mere terms of the contract, which was ruled out by the Court, and if upon a fair and full consideration of that evidence you are satisfied beyond a reas--

onable doubt that the defendant Collins was an agent of the Prudential Life Insurance Company, that he received this money and misapplied it, fraudulently abstracted it or embezzled it your verdict should be guilty in manner and form as he stands indicted, otherwise not guilty.

*Verdict, not guilty.*