Rowe *v.* Young.

Opinion delivered April 10, 1916.

1. ' CONTRACTS—CONTRACT TO PROCURE DIVORCE—INVALIDITY.—A contract, a portion of the consideration of which is, a stipulation that a divorce will be procured for plaintiff's wife from him, is void as against public policy.

2. CONTRACTS—CONSIDERATION—DIVORCE.—Any contract intended or calculated to facilitate the obtaining of a divorce, or to promote the dissolution of the marriage relation, is void as against public policy.

Appeal from Johnson Chancery Court; *Jordan Sellers,* Chancellor; affirmed.

STATEMENT BY THE COURT.

Appellee brought this suit to cancel a deed of trust of certain property made to appellant and J. D. Hunt, as trustees, for the division thereof between himself and wife.

In his third amended complaint, he alleged that he and Anna Young were married in July, 1909, and lived together for a period of two years when she left him and went to live with a daughter in Greenwood, Arkansas; that she deserted him in July, 1911, and filed a suit for a divorce on September 8, 1911, and had a writ of attachment issued against his property from the Sebastian chancery court. That he employed J. D. Hunt an attorney, to look after his interest, who went to Sebastian County, and upon his return advised him that his wife would probably attach everything he had unless he executed a deed of trust, a copy of which was exhibited to him. That the deed of trust was to convey the piece of land, which was nine acres, upon which he lived and made his home, in trust to J. D. Hunt and Robert A. Rowe, to be sold by them and the proceeds to be equally divided between the plaintiff and his wife.

He alleged further that he was an igorant foreigner and believed the execution of the deed was the only means for preventing his wife Anna Young from taking everything he had, which he later discovered was not necessary

and that she could not have recovered anything from him in court and that his signature was secured by fraud and misrepresentations and further: "That he agreed to execute the instrument if it would guarantee him a divorce from the said Anna Young. That he was worried by the suit and the attachment and considered that the best thing he could do would be to sever all relations between his wife and himself and that he finally agreed to execute the instrument, if there was a clause in it to the effect that the said Anna Young was to be divorced from him without cost to himself; that said clause was inserted and the deed executed. That Anna Young died Feb. 9, 1912, before any decree had been taken in the divorce suit. That he refused to sign said deed of trust unless he was sure that his doing so would guarantee to him that his wife would obtain a divorce at her own cost. This was made a consideration in the said instrument rendering the same illegal and void" and prayed for a cancellation of the deed of trust.

To this complaint a general demurrer was interposed and overruled and the defendant answered admitting the marriage of Allen and Anna Young; alleged that because of his neglect of and failure to provide for her, she was compelled to go to her daughter's because of his abuse and criminal treatment and for medical attention and nursing, being sick and unable to wait on herself. Denied that Anna Young deserted the plaintiff Allen Young; admitted the employment of J. D. Hunt as his attorney. Denied that the deed of trust was agreed to be made to any one except himself as trustee and stated that after it was prepared, it was mailed to appellant's attorney, J. D. Hunt, and that appellant had inserted his said attorney's name as one of the trustees. Denied that he agreed to execute the instrument if it would guarantee him a divorce from said Anna Young and that he was greatly worried by the suit and attachment and that he refused to sign such deed of trust unless he was assured that in doing so would guarantee that his wife would

obtain a divorce from him at her own cost and that was made a part of the instrument rendering it void.

Alleged by way of cross-complaint that the suit for divorce was brought by Anna Young against appellant while she was confined to her bed, destitute of any means to procure medical attention, nursing, clothing and food, all of which the plaintiff had refused her and, "was not brought so much for the purpose of obtaining a divorce, as for the purpose of dividing the property described in the complaint, so she might receive a portion of same, to provide her with medical attention, nursing, food and clothing, to pay the doctor's bills and that she had already incurred an indebtedness for such services and supplies, amounting to more than $300 and to secure pay for her interest in the land, $375 of her separate money having been paid as part of the purchase price thereof. That the doctors bills and bills for nursing, food and clothing and burial expenses of Anna Young amounted to $500." A copy of the complaint in the divorce suit was exhibited with the answer, showing the grounds for the divorce to be such indignities offered to her person as rendered her condition intolerable and the failure of her husband to provide medical and other attention, that she was without means and desperately ill and forced to live with her daughter, who was taking care of her.

A copy of the deed of trust was upon motion required filed as an exhibit to the complaint. It was in form a deed of trust and recites that Allen Young and Anna Young his wife, in consideration of the sum of $1.00 paid by Robert A. Rowe and J. D. Hunt, trustees, have granted, bargained and sold the real estate described in it and the crops of corn and cotton and other personal property belonging to Allen Young, "which is to be sold by trustees * * * and money equally divided between Allen Young and Anna Young and Allen Young to pay all bills in Johnson County and Anna Young to pay all bills in Sebastian County and Robt. A. Rowe agrees to procure a divorce at Anna Young's cost."

A demurrer was interposed and sustained to the answer and cross-bill and appellant declining to plead further, judgment was rendered canceling the trust deed in accordance with the prayer of the petition, from which this appeal is prosecuted.

A statement appears in the brief, that upon the deed being forwarded by appellant to J. D. Hunt, appellee's attorney, for execution, that appellee had erased the words "and Allen Young agrees to pay $25 in addition for doctor bills at Greenwood" and inserted "and Allen Young to pay all bills in Johnson County and Anna Young to pay all bills in Sebastian County and R. A. Rowe agrees to procure a divorce at Anna Young's cost."

*Robert A. Rowe,* for appellant.

The court erred in canceling the deed. It conveyed a fee simple title to the trustees with power to sell and divide the proceeds. There was no fraud. 24 Miss. 278; 57 Ala. 14; 6 Cush. 403; 22 Me. 257; 109 Ill. 425 and many others. The deed vested the legal title and a fee simple estate in the trustees. Am. &. Eng. Enc. Law, 927-8; 1 Macn. & G. 607; 7 Ves. Jr. 201; 100 Ga. 20; 112 *Id.* 758; 108 Ill. 164; 90 Ind. 441; 112 Wisc. 509 and many others. All these cases hold that the power of sale in a deed to a trustee carries a fee simple title. The deed was not void as against public policy.

*Paul McKennon,* for appellee.

The deed was void as against public policy. 95 Ark. 552; 95 S. W. 552; 67 Ark. 15; 42 Okla. 286; 84 N. E. 382; 74 N. H. 286.

Kirby, J., (after stating the facts). Appellant contends that the court erred in overruling his demurrer to the complaint and also in sustaining the demurrer to the answer and cross-complaint, appellee's contention being that the deed of trust was contrary to public policy and void, being a contract in effect to divorce man and wife.

Society and the State have a vital interest in marriage and the law favors the marriage relation and does not sanction or uphold contracts intended to promote di-

vorce or an abandonment of such relation, and contracts of the kind are held void as opposed to the public good, and upon principles promotive of the public welfare. 9 Cyc. 519. In an exhaustive note to *Pierce* v. *Cobb,* 44 L. R. A. (N. S.) 379, the editor states: "Hence it is well settled by unanimous decision that any contract intended or calculated to facilitate the obtaining of a divorce or to promote the dissolution of the marriage relation, is void as against public policy." Numerous cases in support of the statement are therein cited and reviewed.

The clause of the trust deed, providing "And Robt. A. Rowe agrees to procure a divorce at Anna Young's cost" with the allegations of the complaint that "plaintiff agreed to execute the instrument if it would guarantee him a divorce from the said Anna Young, and finally if there was a clause inserted in it to the effect that the said Anna Young was to be divorced from him without cost to himself   *   *   *   that he refused to sign said deed of trust unless he was assured that in doing so would guarantee to him that his wife would obtain a divorce at her own cost and that this was made a consideration of said instrument," showed that it was executed for the purpose of procuring a divorce between the parties and with that end in view and being a contract or evidence of such an one, contravenes sound public policy and is void.

The parties being already separated and living apart could make a contract for the division of the property and a valid conveyance of it for the purpose, and if such agreement and conveyance had been only to release the appellant from the payment of any cost or attorney's fees in the divorce proceeding, if one was obtained after the separation agreement made and the deed of trust executed, it would not have rendered the instrument void.

Our law holds the husband liable to the payment of certain costs and attorneys fees in suits for divorce by the wife, but this agreement stipulates that appellant, one of the trustees in the instrument, agrees to procure a divorce

at Anna Young's cost; and although the allegations of the complaint that the plaintiff agreed to execute the instrument only if it would guarantee him a divorce from his wife, Anna Young, and refused to sign it unless this clause was inserted and made a consideration therein, are denied by the answer, it was admitted that the deed of trust which was an exhibit to the complaint was executed, and that it contains the clause already set out. The exhibits to the pleadings may be considered on demurrer and even control the allegations thereof, and a fair construction of the deed brings the instrument within that class of contracts for procuring divorces, which are held void as against public policy.

No error was committed in the chancellor's ruling, and the decree is affirmed.