## HOOD v. ROLESON.

### Opinion delivered July 10, 1916.

1. DIVORCE—CONTRACT TO MAKE NO DEFENSE.—A contract between the parties to a divorce proceeding that the plaintiff would not file an answer to defendant's cross-complaint, and would make no defense to his action for divorce, is void as against public policy, notwithstanding the existence of legal grounds for divorce.

2. DIVORCE—AGREEMENT TO FACILITATE PROCEEDINGS.—An agreement intended to facilitate the procurement of a divorce, is against public policy, and any promise founded on such an agreement is void.

Appeal from Lee Circuit Court; *S. H. Mann*, Special Judge; reversed.

*D. S. Plummer*, for appellants.

1. A note executed for the purpose of facilitating a divorce is void. 9 Cyc. 519; 14 Ark. 276. The con-

sideration is illegal,   53 Am. Dec. 208; 29 Ind. 139; 92 Am. Dec. 345; 80 *Id.* 407; 6 R. C. L. 772; 11 Am. Cas. 354.

2.   A court may allow alimony where the wife is at fault, and there are mitigating circumstances, but she is not so entitled, as a matter of right, without a decree of court.   Kirby's Digest, § 2694.

3.   The court erred in refusing to admit the testimony of C. E. Daggett.

*Fink & Dinning*, for appellee.

1.   The sole and only purpose of Mrs. Hood was to cause her husband to provide for her maintenance and support.   It is manifest she had no intention to procure nor interest in either procuring or assisting her husband in procuring a divorce, nor in preventing him from doing so.   The consideration of the note was not illegal.

2.   No fraud was practiced upon the court—no collusion is shown.   A contemplated divorce suit with an agreement or contract for alimony, violates no rule of public policy.   88 Ark. 309.   *Bona fide* agreements as to alimony or adjustment of property rights between husband and wife, though in contemplation of divorce, are upheld.   54 S. W. 710; 12 L. R. A. (N. S.) 848, and note; 28 Oh. St. 596; 74 Mo. 26; 49 N. H. 69; 25 N. J. Eq. 548; 67 Ark. 15; 101 *Id.* 522-531.

The decree on the cross-complaint is not conclusive against the wife to assert her claim for support.   88 Ark. 307; 98 *Id.* 197.   There was a good and valuable consideration for the note in controversy.

HART, J.   Appellees sued appellants to recover $1,400 balance alleged to be due on a promissory note.   The material facts are as follows:

J. B. Hood and Nannie L. Hood were married in the year 1912, and lived together as husband and wife until the year 1913, when they separated.   Mrs. Hood first went to Michigan on an extended trip, and subsequently went to Memphis.   While in Memphis she became very ill, and was carried to a hospital.   During her stay in Memphis, she incurred numerous debts and charged them to Mr. Hood's account.   Finally Hood published a notice

in a Memphis paper to the effect that he would no longer be responsible for anything purchased by his wife. Since their separation he has remained in Arkansas.

After Mrs. Hood got well, she returned to Arkansas and instituted a suit against her husband for alimony. Mr. Hood filed an answer to her bill for alimony and also a cross-complaint, in which he sought a divorce from her. Finally a contract was entered into between the parties which resulted in the execution of the note sued on. The note was executed July 20, 1914, by J. B. Hood, as principal, and J. B. Daggett, C. E. Daggett and Morris Lesser as sureties, and was payable to the order of Roleson and McCulloch. It was for $2,250.

The agreement was that Mrs. Hood dismiss her action for alimony and make no defense to her husband's suit for divorce, and in consideration therefor, Mr. Hood was to pay her $2,000 and $250 for attorney's fee. Mrs. Hood made no defense to the action for divorce and Mr. Hood was granted a divorce on his cross-complaint. He made payments on the note which reduced it to $1,400.

The above facts were testified to by Mr. Hood, by one of his sureties and by his attorney in the suit for alimony and divorce.

According to the testimony of H. F. Roleson, one of the attorneys for Mrs. Hood in the alimony suit, the note in question was executed in settlement of her suit for alimony, and the fees of her attorneys, and the contract was independent of the divorce proceedings.

The court directed a verdict in favor of appellees, and the case is brought before us on appeal.

Counsel for appellees seek to uphold the judgment on the ground that the consideration sued on was the adjustment of the property rights merely between the parties. Such agreements standing alone are not invalid. *Pryor* v. *Pryor*, 88 Ark. 302; *McConnell* v. *McConnell*, 98 Ark. 193. Other cases from this court might be cited to sustain this proposition, but it is so well settled as to render further citation of authorities useless. The testimony of appellees was sufficient to uphold a verdict in their

favor, but we are dealing with a directed verdict in favor of appellees.

(1)   According to the testimony of appellants, the general purpose of the agreement was to facilitate the procuring of a divorce.  A lump sum was agreed to be paid in settlement of the alimony suit and also to facilitate the procurement of a divorce.  A part of the consideration for the execution of the note was that Mrs. Hood should not file an answer to the cross-complaint of Mr. Hood, and should make no defense to his action for divorce.  Such contracts are against public policy and void, notwithstanding the existence of legal grounds for divorce.  The reason given in many of the cases is that the marital relation, unlike ordinary contractual relations, is regarded by the law as the basis of the social organization.  The preservation of that relation is deemed essential to the public welfare.  *Rowe* v. *Young*, 123 Ark. 303, 185 S. W. 438; *Viser* v. *Bertrand*, 14 Ark. 267.  In the latter case the plaintiff, an attorney, had bound himself at the request of the defendant to pay $300 to the defendant's husband as a consideration for the relinquishment of the latter's claim to certain negroes, and his promise to make no further opposition to her suit for divorce. It was held that the agreement was against public policy, and the plaintiff could not recover the $300.

(2)   The rule is well established that an agreement intended to facilitate the procuring of a divorce is against public policy, and any promise founded on such an agreement is void.  See case note to 11 A. & E. Ann. Cas. at page 377.

It follows that the court erred in directing a verdict in favor of appellees.

The record shows that the suit was brought by Roleson and McCulloch for themselves, and for the benefit of C. L. Lippincott as administrator of Allie L. Hood, deceased.

It is claimed that H. F. Roleson deposited the note as collateral security with the McClintock Banking Company for an indebtedness of $250 due by him to the bank and that the bank is an innocent purchaser for value be-

fore maturity of the note to the extent of Roleson's indebtedness to it. The record, however, shows that the bank is not a party to this suit and its rights are in no wise affected thereby.

For the error in directing a verdict for appellese, the judgment must be reversed and the cause will be remanded for a new trial.

McCULLOCH, C. J., being disqualified, did not participate.