BERTIG BROTHERS *v.* INDEPENDENT GIN COMPANY.

## Opinion delivered March 7, 1921.

1. APPEAL AND ERROR—WAIVER OF FILING OF MANDATE.—On the reversal of a case on appeal, the parties may waive the filing of the mandate; such waiver not being a case of attempt to confer jurisdiction on the lower court by consent, but merely of the formal evidence of the jurisdictional fact.

2. CERTIORARI—AFFIRMANCE ON QUASHING WRIT.—Where the record of the trial court is brought up on certiorari, which questions only the jurisdiction of the trial court, the practice is either to quash the judgment if the trial court had no jurisdiction, or to affirm the judgment if the court had jurisdiction, and thereby to cut off the right of appeal.

3. ELECTION OF REMEDIES—EFFECT.—Where a party has two remedies, one limited, the other general in scope, he should, in the first instance, adopt that remedy which will give him complete relief; otherwise he is bound by his election to pursue the limited remedy.

Appeal from Greene Circuit Court; *R. H. Dudley,* Judge; affirmed.

*Huddleston, Fuhr & Futrell,* for petitioner.

The judgment is void, as the circuit court, notwithstanding the waiver of the filing of the mandate, did not acquire jurisdiction to retry the cause. Where a judgment is reversed, the circuit court proceeds to try the case again until the mandate is filed. 10 Ark. 454. Consent can not confer jurisdiction. The certiorari should be quashed. The rule in 10 Ark. 454 has been often followed. 79 Ark. 185; 93 *Id.* 168; 38 S. E. 575.

*Block & Kirsch,* for respondents.

No question as to the mandate being filed was raised. The case was reversed and remanded.

The filing of the mandate was not necessary for jurisdiction, if the parties voluntarily appear at the trial. Their appearance is a waiver. 4 C. J. 1208; 1 Col. 491; 35 Conn. 97; 50 Ia. 139; 135 Pa. 176; 15 Ill. App. 520; 63 Neb. 34; 16 S. C. 621. Where both parties go to trial after remand of a cause without raising the issue of the

filing. of the mandate, the trial is conclusive. The certiorari should be quashed and the judgment. affirmed.

McCULLOCH, C. J. Appellants were the plaintiffs below in an action against appellees to recover damages alleged to have resulted from furnishing false samples of baled cotton. The trial of the cause resulted in a verdict and judgment against appellants who prosecuted an appeal to this court. This court reversed. the judgment of the circuit court and remanded the cause for a new trial. The judgment of reversal was rendered. on April 12, 1920, and on October 11, 1920, the parties waived the issuance and filing of the mandate of this court and proceeded to a retrial of the cause in the circuit court. The second trial resulted in a judgment against appellants and they now attempt to bring the record of the last proceedings before us by certiorari to quash the judgment.

The contention is that the judgment is void for the reason that the circuit court, notwithstanding the waiver of the filing of the mandate, could not and did not acquire jurisdiction to retry the cause. They rely in this contention on decisions of this court holding that on the reversal of a judgment the lower court acquires jurisdiction by the filing of the mandate in that court. *Lafferty* v. *Rutherford,* 10 Ark. 454; *Hollingsworth* v. *McAndrews,* 79 Ark. 185; *Bowman* v. *State,* 93 Ark. 168. In neither of those cases did the question arise as to the effect of an express waiver of the filing of the mandate. It is undoubtedly true that a trial court loses jurisdiction when an appeal is taken from its judgment, and it reacquires jurisdiction only on the reversal of the judgment by the appellate court and the filing of a mandate of reversal; but the written mandate is merely the evidence of the action of the appellate court, and this may be waived by the parties themselves. This is not a case of an attempt to confer jurisdiction by consent, but is merely a waiver of the formal evidence of the jurisdictional fact. The waiver itself presupposes that the Supreme Court had

entered the judgment of reversal and ordered a remand of the cause for further proceedings. Therefore, the parties had the power to waive the written evidence of those proceedings.

The writ of certiorari is therefore quashed and the judgment of the circuit court affirmed.

### OPINION ON MOTION TO MODIFY.

McCulloch, C. J. We are asked to modify the judgment of this court by eliminating the affirmance of the judgment of the circuit court, leaving in force only that part of our judgment which quashes the writ of certiorari, so that appellants will be left free to prosecute an appeal from the judgment of the circuit court. They say that there are errors in the record of the trial below which will be brought before us for review in a bill of exceptions if they are allowed to prosecute an appeal.

It has always been the practice in this court where the record of the trial court is brought before us on *certiorari* which questions only the jurisdiction of that court, either to quash the judgment if it appears that the court had no jurisdiction, or to affirm it if the court had jurisdiction. *Auditor* v. *Davies,* 2 Ark. 494; *Pulaski County* v. *Irvin,* 4 Ark. 473; *Jefferson County* v. *Hudson,* 22 Ark. 595; *Baxter* v. *Brooks,* 29 Ark. 173; *St. L., I. M. & S. Ry. Co.* v. *Barnes,* 35 Ark. 95. Such is the universal practice in other courts of the country, and it is approved by the text-writers on the subject. Harris on Certiorari, § 38; 11 C. J. 209.

The rule stated in the encyclopedia above cited, with numerous authorities to support it, is as follows: "Unless otherwise provided, the judgment should be that the proceedings below be quashed, or that they be affirmed." We do not find in any of the authorities, either among the adjudged cases or the text-writers, where the reasons are stated for the adoption of this practice of affirming a judgment brought up on certiorari, where it is found that it was rendered within the jurisdectional powers of the court. But there can be but one reason, and it is

this: Certiorari can not ordinarily be used as a substitute for appeal, but the aggrieved party has the election to test the validity of the judgment on its face, either by appeal or by certiorari; and if he adopts the latter remedy, he can not afterward resort to the former, for it is the duty of an appellate court, if it is found that a judgment is not void, to affirm it, which cuts off any further review by appeal. Remedy by certiorari is not one which may be had as of right, but it is only at the discretion of the court, and it would be the duty of the court to refuse that remedy if the aggrieved party could afterward prosecute an appeal and had that remedy in contemplation.

The question falls within the general doctrine of election of remedies, and it is the duty of the party, where he has two remedies, one of which is limited in its scope and the other is general in its scope, to adopt, in the first instance, the remedy which will give complete relief; otherwise he is bound by his election to pursue the limited remedy.

The motion to modify is therefore denied.