SHEPPARD v. SHEPPARD.

4-4178

Opinion delivered February 24, 1936.

*Thacker & Winter* and *Jay M. Rowland,* for appellant.

*Edwin W. Pickthorne,* for appellee.

BAKER, J. The controversy presented upon this appeal is a sequel to the decision rendered on March 17, 1930, in the case of *Sheppard* v. *Sheppard,* 181 Ark. 367, 26 S. W. (2d) 88. It appears from the opinion in the case just cited that the court had refused to grant a divorce to either party on the ground that neither had been a *bona fide* resident of the State of Arkansas for the requisite time, prior to the filing of the suit. However, the trial court had made a temporary order awarding to Mrs. Sheppard rents and income from a house at 233 Henderson Avenue, Hot Springs, Arkansas. Mr. Sheppard had appealed from that part of the order granting to his wife rents and profits from this piece of property. Mr. Sheppard had deeded this property to his father, O. C. Sheppard, who had been made a party by Mrs. Sheppard in order that the deed might be canceled.

The decree of the chancery court for the rents and profits, or possession of the Hot Springs property, as maintenance, was affirmed on appeal, but reversed and remanded on cross-appeal with directions to cancel the deed to O. C. Sheppard.

This left Mrs. Sheppard in possession of the property, or, at least, she had the right to collect rents and profits therefrom. Later Mr. George E. Sheppard returned to South Dakota, where he and wife had lived just prior to the time he came to Arkansas.

He filed his suit there, charging desertion, asking for a decree of divorce. Upon the decree being granted in his favor, awarding him a divorce, he came back to Hot Springs, Arkansas, and filed a motion or petition in the old case praying relief from the decree of the court, awarding rents and profits accruing from the property at 233 Henderson Avenue, Hot Springs, to Mrs. Sheppard. Upon trial the court granted the relief prayed for by Mr. Sheppard and ordered Mrs. Sheppard to deliver over the property to him. No appeal was taken from that decree. Thereafter, numerous motions, demurrers, or pleadings were filed challenging the validity of the orders and decrees of the court as having been made without jurisdiction and without power in the trial court to change or modify its former order after it had been affirmed on appeal. All these were decided against appellant, but she has not appealed from any of the orders or decrees.

Mrs. Sheppard alleges she had been unable to appeal her case, awarding to her former husband the Hot Springs property, because the stenographer had lost her notes of the trial, and there was no way to make up the bill of exceptions.

After all these adverse experiences, appellant filed a new pleading designated as "bill of review," after having obtained permission of the court to do so. The errors alleged to have been "apparent upon the face of the record" were the same matters she had already presented on prior dates by motions and demurrers. The idea was to present all the issues and retake the evidence

and appeal from any adverse ruling, as we understand her contention. A demurrer, sustained by the court, prevented further progress of the plan. An appeal from this action of the court presents some matters for consideration.

Appellant urges that because of the fact the matter of allowance to her of the rents from the Hot Springs property had on appeal been affirmed, the trial court was without jurisdiction to change or modify its former order.

This proceeding is provided for and the remedy is frequently invoked. Section 3510, Crawford & Moses' Digest. *Kurtz* v. *Kurtz,* (1881) 38 Ark. 119, 125; *McConnell* v. *McConnell,* 98 Ark. 193, 198, 136 S. W. 931.

But it is urged that no mandate from the Supreme Court had been lodged in the chancery court, except after the institution of the proceeding to modify, more than a year after the opinion was rendered upon appeal. The mandate was filed by her consent. Her position now is that such consent could not give jurisdiction. The chancery court already had jurisdiction. After the filing of mandate the trial court then had official knowledge that the appeal was no longer pending in the Supreme Court.

The mandate served as evidence of a jurisdictional fact, the proof of which could have been waived by the parties, as was held to be true in the case of *Bertig Bros.* v. *Independent Gin Co.,* 147 Ark. 581, 228 S. W. 392.

Moreover, without the express consent of appellant to the filing of the mandate, she had invoked the jurisdiction of the court by her pleadings, seeking affirmative relief, in the matters of both alimony and divorce. Section 3499, Crawford & Moses' Digest. *Newell Contracting Co.* v. *Elkins,* 161 Ark. 625, 257 S. W. 54. Appellant cannot play fast and loose as she may think to her advantage.

We are favored with a voluminous argument relative to the validity of the divorce granted to George E. Sheppard in South Dakota. The contention is to the effect that, Sheppard having failed in the proceeding in Garland County, Arkansas, upon a charge of indignities, he

could not sue in the South Dakota Courts for divorce on a charge of desertion.

Appellant wholly misconceives the effect of the decree rendered in Garland County. The court decided "that neither party has been a *bona fide* resident of the State of Arkansas for a period of one year next before the commencement of the action," and so dismissed the action.

This was not an adjudication upon the merits for or against either party upon any alleged ground of divorce.

The so-called "bill of review" cannot be used, as appellant seems to think, as a vehicle to gather up the lost evidence in the former trials, to cart it here for re-examination, long after the time for appeal has expired.

Under the conditions every presumption of sufficiency of evidence and regularity of proceedings must be indulged by us.

Decree is affirmed.