PLEDGER *v.* PLEDGER.

4-5705                                   135 S. W. 2d 851

Opinion delivered January 8, 1940.

*Rowell, Rowell & Dickey,* for appellant.

*Reinberger & Reinberger* and *E. D. Dupree, Jr.,* for appellee.

SMITH, J. Maudie and Claude Pledger were married November 25, 1933, and thereafter lived together as husband and wife until June 2, 1935, since which time they have lived apart. On June 18, 1935, Mrs. Pledger filed suit in the chancery court for support and maintenance, and Mr. Pledger filed a cross-complaint in which he prayed a divorce. The divorce was not granted, and, after several hearings an order was made on March 3, 1936, which required Mr. Pledger to pay his wife the sum of $50 per month, and also to pay her medical and doctor's bills, this being in addition to an allowance of $9 per month which the Federal Government paid to Mrs. Pledger out of her husband's pension.

On May 18, 1937, Mrs. Pledger filed an affidavit reciting that her husband had failed to comply with the

order of the court, and he was cited for contempt. At the hearing of this citation on July 9, 1937, an order was made and entered which required Mr. Pledger to pay his wife $60 per month, with nothing said about her medical and doctor's bills. Thereafter the Federal Government discontinued the payment to Mrs. Pledger of the $9 per month which had previously been paid her. It was recited this order shall be effective "until the further orders of this court."

Mrs. Pledger appears to have been an invalid when she was married, but her condition has become much worse since the date of the order last mentioned. She has spent much time in hospitals, and had a very serious surgical operation. On March 21, 1939, she filed a petition in the chancery court, reciting the state of her health and the expenses she had incurred on that account, and she prayed that her husband be required to pay her hospital, doctor and medical bills, and she prayed also the allowance of a fee for her attorney who had filed the petition. The prayer of this petition was denied, and from that order is this appeal.

At the hearing of this petition, the showing was made—and was not questioned—that Mrs. Pledger had incurred those expenses, and that they were necessary, and that the $60 per month allowance previously made was insufficient to pay them.

In denying the prayer of the petition the chancellor stated that his recollection was that when the $60 per month allowance was made, he asked Mrs. Pledger what allowance she demanded, and that Mrs. Pledger stated that an allowance of $60 or $65 per month would be satisfactory. Mrs. Pledger testified that she at that time asked an allowance of $100 per month, but had to be content with the allowance made. Her insistence is, however, that the change in the condition of her health has been such that the $60 per month did not suffice to pay her living expenses and the extra expenses made necessary by her illness.

We may assume that the chancellor's recollection of the discussion in court as to the allowance to be made—

and which was made—is correct, and, if so, that allowance would continue unless and until the showing was made that Mrs. Pledger's condition had so changed that the allowance was no longer sufficient to pay her necessary expenses, including hospitalization and doctor's bills.

The statute (§ 4390, Pope's Digest) provides that "When a decree shall be entered, the court shall make such order touching the alimony of the wife and care of the children, if there be any, as from the circumstances of the parties and the nature of the case shall be reasonable." Mr. and Mrs. Pledger had no children. But the statute (§ 4392, Pope's Digest) also provides that "The court, upon application of either party, may make such alterations from time to time, as to the allowance of alimony and maintenance, as may be proper, and may order any reasonable sum to be paid for the support of the wife during the pending of her bill for a divorce." Here, the wife has not asked for a divorce; she asks only for support and maintenance, and this, of course, includes necessary medical attention. The husband prayed a divorce, but this was not granted. The parties are, therefore, still husband and wife, and so long as that relation continues it is the husband's duty to support his wife in the manner suitable to his station and condition in life.

The case of *McConnell* v. *McConnell*, 98 Ark. 193, 136 S. W. 931, 33 L. R. A., N. S., 1074, declares the law to be that, when a decree is entered fixing and allowing alimony for the support and maintenance of the wife, decree limits and defines the extent of the husband's obligation in that respect. See, also, *Shirey* v. *Shirey*, 87 Ark. 175, 112 S. W. 369; *Holmes* v. *Holmes*, 186 Ark. 251, 53 S. W. 2d 226; *Wilson* v. *Wilson*, 186 Ark. 415, 53 S. W. 2d 990; *Sheppard* v. *Sheppard*, 192 Ark. 298, 90 S. W. 2d 960.

But the McConnell case, *supra*, as well as the other cases cited hold that an allowance of alimony is always subject to modification by the court to meet the changed situation and condition of the parties in interest. In other words, the court has the power to increase or de-

crease the allowance to the wife to meet the changed situation and condition of the parties in interest.

The court having fixed the allowance to Mrs. Pledger at $60 per month, that order will stand unless the showing has been made that it is no longer sufficient to meet the changed situation and condition of the parties in interest since the order was made.

We think the showing was made that there has been such a change in the condition of Mrs. Pledger as to require a modification of the allowance of only $60 per month. She has incurred necessary expenses on account of her illness, which she is unable to pay. She made the showing that she had made a faithful but futile attempt to supplement her allowance with her own earnings, but that the condition of her health has been such that she has been able only occasionally to secure employment and to earn but little money. The testimony is also to the effect that Mr. Pledger has an income of $3,360 per year, derived from an official salary and a federal pension. We are of the opinion, therefore, that it is not beyond Mr. Pledger's ability to pay, nor incompatible with the necessities of his wife, that, in addition to the $60 per month allowed by the chancellor, he should also pay his wife's doctor's, hospital, nursing and medical bills. The decree of the court below disallowing these items last mentioned will be reversed. In addition, appellee will be charged with the costs of this proceeding, and the costs upon the appeal of this case to this court, and a fee of $50 will be allowed Mrs. Pledger's attorney for his services. The cause is remanded, with directions to the court below to make appropriate orders to enforce the allowances to Mrs. Pledger here made.