4378                                    187 S. W. 2d 335

Opinion delivered April 9, 1945.

*Herbert & Dobbs*, for appellant.

*Guy E. Williams*, Attorney General, and *Oscar E. Ellis*, Assistant Attorney General, for appellee.

McFADDIN, J. This is appellant's second appeal. See *Morton and Ashcraft v. State*, 207 Ark. 704, 182 S. W. 2d 675. After the remand appellant received a separate trial. He was convicted of burglary and grand larceny, and his motion for new trial on this appeal presents the questions herein discussed.

I. *Issuance of the Mandate*. On October 9, 1944, this court reversed the former conviction and remanded the cause for a new trial. A few days thereafter it was made to appear to this court that an agreement had been made for an immediate mandate to issue. The mandate was issued, and was filed in the circuit court on October 14, 1944. Except for the supposed agreement the mandate would not have issued until October 26, 1944. The appellant was tried on October 30-31, 1944, and assigns as error the premature issuance of the mandate, citing § 2777, Pope's Digest:

"The supreme court may make rules for the convenient dispatch of business . . . the time of issuing its mandates. . . . Provided, no mandate shall issue or decision become final until after fifteen judicial days from the time the decision was rendered, unless the court, for good cause shown, shall otherwise direct. . . ."

Appellant's contention is that the supreme court committed error in allowing the early mandate to issue in this case. We think this § 2777, Pope's Digest, is against the appellant, because, under it, the supreme court has authority to direct an immediate mandate. If the appellant felt aggrieved by the early issuance of the mandate, he should have applied to this court for a recall. He could not raise that question in the circuit court. In *Caldwell* v. *Bruggerman,* 8 Minn. 286, the contention was made in the trial court, as here, that a mandate has issued prematurely, and the Supreme Court of Minnesota said: "The mandate on the face appearing to have been regularly issued, the court was bound to obey it and proceed with the trial of the cause." See, also, *Trench* v. *Strong,* 4 Nevada 87; and 5 C. J. S., § 1962, p. 1491. The jurisdiction of the circuit court attached on the filing of the mandate. *Bertig Bros.* v. *Independent Gin Co.,* 147 Ark. 581, 228 S. W. 392; *Lafferty* v. *Rutherford,* 10 Ark. 453; *Sheppard* v. *Sheppard,* 192 Ark. 298, 90 S. W. 2d 960. It was the duty of the circuit court to try the defendant— not to consider the question as to the time the supreme court had to issue the mandate. So we reject this assignment.

II. *Petition for Change of Venue.* On the morning of October 30, 1944, when his case was called for trial, the defendant filed his petition for change of venue, supported by affidavits of six persons (§ 3917, Pope's Digest). Some time before 11 a. m. of that day the court directed the defendant to produce the affiants before the court by 1 p. m. so the court could hear them. It was shown that some of the affiants lived within three blocks of the courthouse, and none of them lived further than a few miles away. When court reconvened at 1 p. m. the attorneys for the defendant stated that they were unable to secure the affiants; and the attorneys refused to state any reason for such inability, or to make any further explanation to the court. Thereupon the court denied the petition for change of venue; and we think correctly. *Jackson* v. *State,* 54 Ark. 243, 15 S. W. 607. Under the statute (§ 3918, Pope's Digest) the court has the right to hear the affiants in open court. When appellant's coun-

sel did not produce *any* of the affiants or assign *any* reason for such failure, the court had the right to refuse the petition.

III. *Summoning of Extra Jurors.* Only twenty-two members of the regular panel of jurors appeared in court. Thereupon Verne Morden and Jim Steed were called from the bystanders. Each on his *voir dire* stated that the sheriff had notified him to come to court for possible jury service. Appellant claimed that the sheriff had no right to notify men a few hours before court convened that there might be a shortage of regular veniremen. But the circuit judge stated from the bench that he had anticipated the need of extra jurors, and had instructed the sheriff to have some prospective veniremen among the bystanders. The circuit judge knew the case had been tried previously, and logically anticipated that some of the regular panel might be disqualified. We think the circuit judge acted with foresight in so notifying the sheriff to have available some prospective veniremen; and we see no error in this.

IV. *Introduction of the Confession.* When the State offered in evidence two confessions by the appellant, the court followed the correct practice of retiring to chambers and considering the admissibility, in the absence of the jury. See *Charles* v. *State,* 198 Ark. 1154, 133 S. W. 2d 26; *Brown* v. *State,* 198 Ark. 920, 132 S. W. 2d 15; *Nolan and Guthrie* v. *State,* 205 Ark. 103, 167 S. W. 2d 503. In this hearing the defendant testified that the confessions were extorted from him by threats and fraud. While the defendant was testifying in chambers and away from the jury, the prosecuting attorney was permitted to ask the defendant why he had not objected to the confessions at the previous trial. This question was asked him:

"You are today telling the court that the confession that has been introduced was obtained by promises of the sheriff and threats made by others. When you were tried before, when this same confession was introduced and you were put on trial and we came into chambers, why didn't you tell the court the same story that you are telling now?"

We find no error in allowing this question to be asked in chambers away from the jury. Under § 3957, Pope's Digest, the defendant may become a witness if he so desires. He is not compelled to testify, but when he voluntarily becomes a witness (as he did here) then he may be subjected to cross-examination the same as any other witness. In 14 Am. Juris. 880 the rule is stated:

"If the defendant in a criminal case voluntarily takes the witness stand in his own behalf, he thereby subjects himself to the same rules of cross-examination that govern other witnesses and waives his constitutional privilege of not answering proper questions that may tend to convict him of the crime for which he is on trial."

Our cases follow this rule. *Turner* v. *State,* 153 Ark. 40, 239 S. W. 373; *McGuire* v. *State,* 189 Ark. 503, 74 S. W. 2d 235. After an extensive hearing in chambers the court held the confessions to be admissible, and we find no error in that holding.

V. *Sufficiency of the Evidence.* The evidence was sufficient to support the verdicts of guilty. The defendant not only confessed to participation with Ashcraft in the burglary and the receipt of some of the stolen money, but he returned $110 of the stolen money and gave the officers an itemized list showing how and where he had spent the balance. Some of the money was expended for clothing, and the clothing was identified. There was ample corroboration of the confessions. Furthermore, in addition to the confessions and the corroboration, there were witnesses tending to connect defendant with the crimes.

VI. *Excessive Verdicts.* It would unduly prolong this opinion to discuss each of the twenty-two assignments of error contained in the motion for new trial. It is sufficient to say that we have reviewed all of the assignments, and find each and all to be without merit, except assignment No. 22, which concerns the excessive verdict. The jury found the defendant guilty of grand larceny and fixed his punishment at five years in the penitentiary, and also found the defendant guilty of burglary

and fixed his punishment at sixteen years in the penitentiary. Section 3059 of Pope's Digest prescribes that the maximum imprisonment for burglary is seven years. So the punishment for burglary was excessive by nine years. Section 4071 of Pope's Digest says: "If the jury in any case assess a greater punishment, whether of fine or imprisonment, than the highest limit declared by law for the offense for which they convict the defendant, the court shall disregard the excess and enter judgment and pronounce sentence according to the highest limit prescribed by law in the particular case."

It was the duty of the trial court to disregard the verdict of sixteen years, and enter a sentence for seven years for burglary and five years for grand larceny. The court directed that the sentences run consecutively; and this the court had a right to do under § 4079, Pope's Digest. But the trial court erred in sentencing the defendant to more than seven years for burglary. We reduce the sentence for burglary to seven years, and allow the burglary sentence and the grand larceny sentence to run consecutively, as adjudged by the circuit court. As thus modified, the judgment is affirmed.

*Per Curiam.* ON REHEARING. Each side has filed a petition for rehearing.

The State admits that the verdicts, as they appeared in the transcript—and as detailed in the opinion—showed the sentence for burglary to be sixteen years, and that for grand larceny to be five. But the State says the transcript was inaccurate, and contends that the verdicts, as actually returned, showed sentences to be sixteen years for grand larceny and five for burglary.

Be that as it may, the purpose of a petition for rehearing is to call attention to errors alleged to have been made in the opinion that was handed down—this as distinguished from record errors. Transcript errors should be discovered before submission.

In *Smith* v. *State*, 205 Ark. 1075, 173 S. W. 2d 248, the transcript failed to show an instruction subsequently

claimed to have been given. After the case had been decided we refused to add to the record a stipulation that the instruction had been given. The Court has *power*, on rehearing, to permit the transcript to be corrected *nunc pro tunc;* but we do not believe that this discretion should be exercised in the present case. So, the State's petition for rehearing is overruled.

The appellant's petition has been carefully studied and is also overruled.