STROUD AND FOREHAND v. STATE.

4444 202 S. W. 2d 354

Opinion delivered May 26, 1947.

*Boyd Tackett* and *Thomas M. McCrary,* for appellant.

*Guy E. Williams,* Attorney General, and *Earl N. Williams,* Assistant Attorney General, for appellee.

Ed. F. McFaddin, Justice. Separate informations were filed by the prosecuting attorney in the Polk Circuit Court charging each of the appellants with the crime of grand larceny. The information against Stroud read in part: "The said defendant N. B. Stroud, on the 6th day of August, A. D. 1946, in Polk County, Arkansas, did unlawfully, willfully and feloniously steal, take and carry away a certain yearling calf, the property of Amond Hamby, . . ."

The information against Forehand read in part: "The said defendant Marvin Forehand, on the 6th day of August, A. D. 1946, in Polk County, Arkansas, did unlawfully, willfully and feloniously steal, take and carry away a certain yearling calf, the property of Amond Hamby, . . ."

Over the objections and exceptions of the defendants, the trial court consolidated the two informations and tried the defendants jointly. The objections and exceptions of each and both of the defendants were duly and seasonably made and preserved of record. The defendants were both convicted; and in the motion for new trial they assigned as error the action of the court in making the order of consolidation. The motion for new trial contained a total of 37 assignments; but we discuss only those assignments involving the order of consolidation.

The circuit court committed reversible error in consolidating the informations, and trying the defendants jointly. What we said in *Morton and Ashcraft* v. *State,* 207 Ark. 704, 182 S. W. 2d 675, is directly in point. There, separate informations were filed against Morton and Ashcraft, and the trial court consolidated the cases over the defendants' objections and exceptions duly and seasonably made. We said: "We think it was error to have consolidated and tried these informations together, over the objections of appellants." And, again, we said: "The electors did not, by Initiated Act No. 3,* confer the

* (Acts 1937, p. 1384.)

discretion to order the consolidation for trial of indictments against defendants separately indicted."

We reversed the judgments of conviction against Morton and Ashcraft because of the consolidation, and that holding is ruling in the case at bar; so, because of the consolidation, made over the seasonably offered and duly preserved objections and exceptions of the defendants, the judgments in this case are reversed, and the causes remanded.