CARTY *v.* CARTY.

4-9237                                          232 S. W. 2d 447

Opinion delivered June 26, 1950.

*Alonzo D. Camp* and *Melbourne M. Martin,* for appellant.

*Jack Holt,* for appellee.

GEORGE ROSE SMITH, J. This was at first a suit for separate maintenance brought by the appellant against her husband, the appellee. By cross complaint the defendant sought a divorce on the ground of indignities, and the plaintiff then amended her complaint to ask for a divorce on the same ground. After the trial the chancellor held that because both parties were equally at fault neither was entitled to a divorce. The appellant was ordered to vacate the family home and was awarded separate maintenance in the amount of $50 a month for one year.

About seven weeks after the trial the appellant filed a pleading that the chancellor rightly treated as a motion to set aside the decree for newly discovered evidence. In this motion the appellant asserted that a few days before the first trial her husband had been guilty of an act of adultery, of which the appellant had no knowledge until after the first hearing. The appellant prayed that she be granted a divorce upon the ground of adultery. By stipulation the first decree was vacated, but after a second hearing the chancellor found that the charge of adultery had not been proved. The final decree, now under attack, reinstated the original findings.

In the main we affirm the chancellor's conclusions. The correctness of his action in denying a divorce to either spouse on the basis of indignities is not questioned. The issue upon the accusation of adultery is wholly one of credibility. The husband's alleged paramour testified that on November 17, 1949, she spent the night with him in a tourist court near Little Rock. This is denied by the appellee, who states that he merely rented a cabin for the woman because her daughter and son-in-law would not allow her to enter their home when she had been drinking. According to the appellee he does not like to drive a car at night, and after obtaining a room for this woman he telephoned his son to come and take

him home. Both the son and a friend who accompanied him corroborated the appellee's testimony about his having gone home instead of staying at the tourist court. The attendant in charge of the tourist court verified the fact that the appellee had registered for a cabin, signing his own name, but this attendant did not testify that the appellee entered the cabin itself.

It is evident that either the woman or the appellee and his corroborating witnesses testified falsely. The two versions of the night's happenings are about equally probable. In this situation we are guided by the findings of the chancellor, whose opportunity to determine the veracity of the witnesses is far better than ours. The supposed paramour gave her evidence with such evasiveness that the chancellor commented upon it during the trial. We cannot say that it was error for him to credit the testimony offered by the appellee.

We think, however, that the appellant is entitled to a somewhat more liberal allowance for her separate maintenance. The appellee admits that his monthly income is about $250. It is well settled that when a wife obtains an award for her separate maintenance the marital relation still continues, and it is therefore the husband's duty to provide support for his wife. *Pledger* v. *Pledger,* 199 Ark. 604, 135 S. W. 2d 851; *Bonner* v. *Bonner,* 204 Ark. 1006, 166 S. W. 2d 254. We have concluded that the maintenance payments should be fixed at $75 a month without limitation as to time, subject to future modification if required by changed conditions. With this modification we affirm the decree, the appellee to pay all costs in both courts and an attorney's fee of $100 for the services of the appellant's attorneys in this court.